TOWN OF VALDESE v. BURKE, INC.

[125 N.C. App. 688 (1997)]

———————————

TOWN OF VALDESE AND TOWN OF RUTHERFORD COLLEGE, PLAINTIFFS V. BURKE, INC., DEFENDANT

No. COA96-471

(Filed 18 March 1997)

**Municipal Corporations § 20 (NCI4th)— voluntary annexation—interstate right-of-way annexed by another town— land not contiguous**

A parcel of land located on the opposite side of Interstate 40 from the existing limits of the Town of Valdese was not contiguous to the Town of Valdese's existing limits and could not be annexed by the Town of Valdese under the voluntary annexation

**TOWN OF VALDESE v. BURKE, INC.**

[125 N.C. App. 688 (1997)]

statute, N.C.G.S. § 160A-31, where this portion of the Interstate 40 right-of-way had previously been annexed into the Town of Rutherford by legislative enactment. N.C.G.S. § 160A-31(f).

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 55 et seq.**

**What land is contiguous or adjacent to municipality so as to be subject to annexation. 49 ALR3d 589.**

Appeal by Town of Rutherford College from judgment entered 19 December 1995 by Judge Julia V. Jones in Burke County Superior Court. Heard in the Court of Appeals 14 January 1997.

On 13 August 1990, defendant Burke, Inc., ("Burke") petitioned the Town of Valdese pursuant to G.S. 160A-31 seeking to have its property voluntarily annexed into the Town of Valdese. Thereafter, by municipal ordinance effective 1 January 1991, the Town of Valdese annexed the Burke property. The dispute leading to the instant appeal arose because the annexed parcel is located on the opposite side of Interstate 40 from the existing limits of the Town of Valdese.

By local act of the General Assembly dated 21 June 1989, this portion of the interstate right-of-way separating the Town of Valdese proper from the Burke property had been previously annexed into the Town of Rutherford College. 1989 N.C. Sess. Laws ch. 387. Because the intervening portion of the interstate right-of-way had been annexed into the Town of Rutherford College by legislative enactment, the Town of Rutherford College determined that the Town of Valdese's annexation of the Burke property must be void since the Burke property could not be considered contiguous to the Town of Valdese's existing limits. Consequently, on 4 February 1991, the Town of Rutherford College enacted an ordinance involuntarily annexing the Burke property and recognizing that, at all times relevant, the Burke property has been contiguous to the Town of Rutherford College's existing limits.

Both municipalities having purported to annex the same piece of property, the Town of Valdese and the Town of Rutherford College jointly filed a declaratory judgment action on 12 April 1995 in the Burke County Superior Court. After hearing the matter on 6 November 1995, the trial court determined that the property was contiguous to the Town of Valdese within the meaning of G.S. 160A-31(f), and that the Town of Valdese's annexation must therefore be upheld

and the Town of Rutherford College's purported annexation be declared invalid.

The Town of Rutherford College appeals.

*Kuehnert & Ayers, P.L.L.C., by Daniel A. Kuehnert and James R. Ayers, for appellant Town of Rutherford College.*

*Mitchell, Blackwell & Mitchell, P.A., by Marcus W.H. Mitchell, Jr., and Keith W. Rigsbee, for appellee Town of Valdese.*

EAGLES, Judge.

The dispositive issue here on appeal is whether, at the time the Town of Valdese purported to annex defendant Burke's property, the Burke property was "contiguous" to the Town of Valdese's then existing corporate limits within the meaning of G.S. 160A-31(f). We hold that it was not and accordingly reverse the order of the trial court.

G.S. 160A-31(a) allows the "governing board of any municipality [to] annex by ordinance any area contiguous to its boundaries upon presentation to the governing board of a petition signed by the owners of all the real property located within such area." G.S. 160A-31(a) (1990). There is no dispute that the property owners here presented a proper petition, the only question is with regard to contiguity. Subsection (f) of G.S. 160A-31 defines the contiguity requirement and provides in pertinent part:

> For purposes of this section, an area shall be deemed "contiguous" if, at the time the petition is submitted, such area either abuts directly on the municipal boundary or is separated from the municipal boundary by a street or street right-of-way, a creek or river, or the right-of-way of a railroad or other public service corporation, lands owned by the municipality or some other political subdivision, or lands owned by the State of North Carolina. In describing the area to be annexed in the annexation ordinance, the municipal governing board may include within the description any territory described in this subsection which separates the municipal boundary from the area petitioning for annexation.

G.S. 160A-31(f) (1990).

Under the plain language of this statute, were it not already annexed into the Town of Rutherford College, the intervening interstate right-of-way would not impede the Town of Valdese's ability to

**TOWN OF VALDESE v. BURKE, INC.**

[125 N.C. App. 688 (1997)]

annex the Burke property. We conclude, however, that where, as here, the intervening right-of-way has already been annexed into another municipality, the contiguity requirement embodied in G.S. 160A-31(f) is violated.

Our statutory construction here is bolstered by the language of G.S. 160A-48(b)(3) which provides in pertinent part that "[n]o part of the area [to be annexed] shall be included within the boundary of another incorporated municipality . . . ." G.S. 160A-48(b)(3) (1994). Allowing one municipality to skip over an incorporated portion of another and annex property on the other side would place the statutory prohibition embodied in G.S. 160A-48(b)(3) in conflict with the language of G.S. 160A-31(f) allowing an annexing municipality to include within the lands annexed the "territory described in [subsection (f)] which separates the municipal boundary from the area petitioning for annexation." G.S. 160A-31(f). According to the plain language of G.S. 160A-31(f), when a municipality skips over public lands or rights-of-way in the course of annexing taxable and serviceable property on the other side, the annexing municipality, in effect, annexes the intervening public lands and rights-of-way. As we have recognized, the effect of G.S. 160A-31(f) would be at odds with the clear prohibition established in G.S. 160A-48(b)(3) if G.S. 160A-31(f) were read to allow municipalities to skip over incorporated portions · of other municipalities.

Lastly, we note that the parties direct our attention to G.S. 160A-58.1 (1990), which governs the annexation of satellite corporate limits not contiguous with a municipality's existing corporate limits. We do not believe that this statutory provision is applicable here. Accordingly, the order of the trial court is reversed and the cause is remanded for entry of an order declaring invalid the Town of Valdese's attempted annexation and upholding the annexation completed by the Town of Rutherford College.

Reversed and remanded.

Judges GREENE and MARTIN, John C., concur.